By the Court.
In Armstrong v. Harvey, decided at the present term (ante p. 527), it was held that, in trials of the right of property seized in execution by a constable, a finding and judgment in favor of the claimant, is not conclusive, •as between him and the constable, of the claimant’s right to the property embraced in the finding and order. It was also there held, that the constable, if he is willing to take the responsibility, may disregard the order of the justice, and sell the property to satisfy the execution, and that, in such case, the constable is not thereby precluded from contesting the title of the claimant. In the present case, the constable, in disregard of the proceedings before the justice, and while •they were still pending and undetermined, sold the property upon the execution as he might do, for the reasons assigned in Armstrong v. Harvey, supra.
The proceedings before the magistrate were rightfully commenced, and the subsequent act of the constable, in selling the property, could not divest the jurisdiction thus acquired, .and the justice might proceed, as the sale left the question of •costs still open and undetermined.
The proceeding under the statute is a summary one, to be tried by the justice, and not in any just or legal sense “ a ■civil action,” and, therefore, not properly triable by a jury. But of this the plaintiff in error can not complain, as the jury was impanneled at his instance and request. Under the statute, a day ought, regularly, to intervene between the time of trial and the time fixed for the sale of the property; but where the trial, as in this case, was set for the day before the sale, and its final termination was delayed by the action •of the claimant, or by reason of the protracted character of *685 tbe investigation, until after the day set for trial, the justice-may hear and determine the case, even though the property has been sold.
The constable might properly decline to sell while the in- - vestigation was still pending, as the proceeding is designed-mainly for his protection, but he need not do so if he is willing to take the responsibility.
The effect of the judgment in such cases, is settled in the • case of Armstrong v. Harvey, and the judgment of the justice in this case, finding the right of property in the claimant, though not warranted by the statute, could do no possible injury to the plaintiff in execution, or to the constable, and-as it does not, in any way, conclude their rights, it, therefore, does not constitute a ground for its reversal.

Judgment affirmed.